UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

TONY HOLLEY and BERNARD WORRELL,     Case No. 16 CV 383
               Plaintiffs,          (PKC) (RER)

     -against-              **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. JORGE     JURY DEMAND
SANABRIA [SHIELD # 27752], P.O.
JOHNATHAN TAVERAS [SHIELD # 30195],
SERGEANT OSCAR PAREDES [SHIELD #
3930], and JOHN DOE and JANE DOE #1-5
(the names John and Jane Doe being fictitious,
as the true names are presently unknown),
               Defendants.
---------------------------------------------------------------------X

Plaintiffs, TONY HOLLEY and BERNARD WORRELL, by their attorney, The Law
Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New
York, P.O. Jorge Sanabria [Shield # 27752], P.O. Johnathan Taveras [Shield # 30195],
Sergeant Oscar Paredes [Shield # 3930], John Doe and Jane Doe #1-5 (collectively,
"Defendants"), respectfully allege as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to the
plaintiff under color of statute, ordinance, regulation, custom, and/or to
redress the deprivation of rights, privileges, and immunities secured to the
plaintiff by the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments
to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and
arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First,
Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States
Constitution.

3.        As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

THE PARTIES

4.        Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5.        Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.        The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.        Defendant P.O. Jorge Sanabria [Shield # 27752] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8.        Defendant P.O. Johnathan Taveras [Shield # 30195] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9.        Defendant Sergeant Oscar Paredes [Shield # 3930] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

10.        Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11.        Defendants Sanabria, Taveras, Paredes and John Doe and Jane Doe #1-5 are collectively referred to herein as "defendant officers".

12.        At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.        On or about May 18, 2014, at approximately 1:30 a.m., defendant officers, acting in concert, arrested the plaintiffs without cause on Bristol Street,

between Pitkin and Sutter Avenues, Brooklyn, New York, and charged both Holley and Worrell with N.Y. PL 195.05 'Obstructing governmental administration in the second degree', N.Y. PL 205.30 'Resisting arrest', N.Y. PL 240.20(1) 'Disorderly conduct' (engaging in fighting), and N.Y. PL 240.20(7) 'Disorderly conduct' (creating offensive condition). Defendant officers also charged Worrell with N.Y. PL 240.08 'Disorderly conduct' (inciting riot), in addition to the aforesaid charges.

14.     Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

15.     Prior to the arrest, plaintiffs were at a private party when defendant officers suddenly showed up uninvited at the party.

16.     Worrell and his female companion, Regina Tucker, were seated inside Tucker's vehicle, which was legally parked at the curb, and were engaged in a conversation at the time.

17.     The vehicle's engine was turned off and the key was not in the ignition.

18.     Worrell and Tucker were then accosted by defendant officers who kept asking what they were doing inside the vehicle.

19.     Worrell and Tucker calmly responded that they were engaged in a conversation.

20.     Defendant officers then directed Tucker to get out of the vehicle.

21.     Defendant officers arrested Tucker as she exited the vehicle.

22.     After arresting Tucker, defendant officers directed Worrell to get out of the vehicle.

23.     Worrell exited the vehicle as he was directed.

24.     As Worrell exited the vehicle, defendant officers directed him to get down on the floor.

25.     Worrell attempted to find out what was going on, and inquired whether he did anything wrong.

26.     As Worrell attempted to find out what was going on, defendant officers kept screaming and yelling loudly that he should get down on the floor.

27.     Defendant officers immediately attacked Worrell.

28.     Defendant officers forcibly pulled and pushed Worrell down to the floor and held him down by pressing their feet on his back, and had their hands all over his body.

29.     As the assault was going on, Holley attempted to record the incident with his cell phone.

30.     Defendant officers immediately attacked Holley by grabbing, shoving, pushing, pulling, kicking and hitting him.

31.     Eventually, defendant officers arrested the plaintiffs and tightly handcuffed the plaintiffs with their hands placed behind their backs.

32.     Defendant officers subjected plaintiffs to illegal and warrantless search with defendant officers pushing, shoving, kicking and grabbing the plaintiffs.

33.     Defendant officers' illegal and warrantless search of the plaintiffs did not yield any contraband.

34.     Notwithstanding the above, defendant officers forcibly pushed the plaintiffs into their police vehicle and transported the plaintiffs to the NYPD-73rd Precinct.

35.     Because of his injuries, Worrell requested to be transported to the hospital for medical care and attention.

36.     Defendant officers ignored Worrell's entreaties for medical care and attention.

37.     After a period of time, Worrell felt light headed and lost consciousness.

38.     When Worrell eventually regained consciousness, he realized that he was at the hospital.

39.     Upon discharge from the hospital, defendant officers transported Worrell back to the precinct.

40.     After detaining the plaintiffs for a lengthy period of time at the precinct, defendant officers transported plaintiffs to the Central Booking to await arraignment.

41.     While plaintiffs were awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

42.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiffs committed the above crime/offenses which they were charged with.

43.     Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiffs.

44.     Upon arraignment, plaintiffs were released on their own recognizance but were required to return to the criminal court to defend the false charges levied against them.

45.     On or about January 8, 2015, the false charges levied against Worrell were dismissed.

46.     On or about May 18, 2015, the false charges levied against Holley were summarily dismissed.

47.     Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

48.     Each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

49.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

50.     As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

<u>FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers</u>

51.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52.     The conduct of defendant officers, as described herein, amounted to false arrest.

53.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

54.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers</u>

55.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

57.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

58.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRD CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers</u>

59.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     Defendant officers unlawfully retaliated against the plaintiffs for exercising their First Amendment rights as described above.

61.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

62.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

63.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

65.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

66.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

67.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

68.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69.     Defendant officers denied plaintiffs their due process rights to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

70.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

71.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

72.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

73.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.     Defendant officers manufactured evidence of criminality against the plaintiffs which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

75.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

76.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

77.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

78.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     The conduct of defendant officers, as described herein, amounted to unreasonable search & seizure.

80.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

81.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK - against defendant officers

82.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83.     The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk.

84.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

85.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

86.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

87.     Defendant officers denied Worrell treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to Worrell's need for medical treatment and care.

88.     Such conduct described herein violated Worrell's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

89.     Consequently, Worrell has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: DISCRIMINATION, DENIAL OF EQUAL PROTECTION OF THE LAWS AND DENIAL OF DUE PROCESS RIGHTS - against defendant officers

90.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91.     The conduct of defendant officers, as described herein, amounted to discrimination, denial of equal protection of the laws and denial of due process rights.

92.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

93.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

94.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

96.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

97.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>TWELFTH CAUSE OF ACTION: DENIAL OF RIGHT TO ASSEMBLE</u> - against
defendant officers

98.     By this reference, plaintiffs incorporate each and every allegation and
        averment set forth in paragraphs 1 through 97 of this complaint as though
        fully set forth herein.

99.     Defendant officers denied plaintiffs the exercise of their right of freedom of
        assembly.

100.    Such conduct described herein violated plaintiffs' rights under 42 U.S.C. §
        1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments
        to the United States Constitution.

101.    Consequently, plaintiffs have been damaged and hereby demands
        compensatory and punitive damages in an amount to be proven at trial
        against each of the defendants, individually and severally.

<u>THIRTEENTH CAUSE OF ACTION: DENIAL OF RIGHTS TO FAMILIAL
ASSOCIATION</u> - against defendant officers

102.    By this reference, plaintiffs incorporate each and every allegation and
        averment set forth in paragraphs 1 through 101 of this complaint as though
        fully set forth herein.

103.    Plaintiffs were arrested simply for socializing with their siblings, relatives,
        friends and neighbors.

104.    Defendant officers unreasonably interfered with plaintiffs' rights to familial
        association.

105.    Such conduct described herein violated plaintiffs' rights under 42 U.S.C. §
        1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments
        to the United States Constitution.

106.    Consequently, plaintiffs have been damaged and hereby demand
        compensatory and punitive damages in an amount to be proven at trial
        against each of the defendants, individually and severally.

<u>FOURTEENTH CAUSE OF ACTION: CONSPIRACY</u> - against defendant officers

107.    By this reference, plaintiffs incorporate each and every allegation and
        averment set forth in paragraphs 1 through 106 of this complaint as though
        fully set forth herein.

108.     In an effort to find fault to use against the plaintiffs, who are blacks, defendants officers met with several other individuals and agreed to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

109.     The conduct of defendant officers, as described herein, amounted to conspiracy.

110.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

111.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

112.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

114.     Additionally, defendant City of New York, acting through Kenneth P. Thompson and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of

failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

115.    Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

116.    Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

117.    For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

118.    In *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

119.    Additionally, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

120.    Police Officer Carsey's supervisor, Sergeant William Eiseman, had earlier admitted to fabricating facts to justify searching vehicles and homes for cocaine, marijuana and guns, filing false information to obtain search warrants and performing illegal searches of vehicles and homes. That Sergeant Eiseman admitted to perjury and fabricating evidence against innocent persons that he falsely arrested and charged with possession of narcotics and/or illegal drugs, and also admitted to training numerous young police officers to commit similar crimes and/or offenses.

121.    In addition, in or about October 2011, Detective Stephen Anderson testified against Detective Jason Arbeeny, a veteran of the NYPD. That Detective Anderson testified that, among other things, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas. Detective Anderson referred to the practice of planting narcotics and/or illegal drugs on innocent persons as "attaching bodies" to the narcotics and/or illegal drugs. According to Detective Anderson, this practice "was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators."

122.    Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective "you still have a number [of arrests] to reach while you are in the narcotics division."

123.    Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

124.    Prior to his testimony, Detective Anderson and his partner provided false testimony in court claiming that they purchased cocaine from certain individuals who as surveillance video later confirmed did not have any sort of contact or communication with Detective Anderson and his partner during

the time period that Detective Anderson and his partner claimed to have purchased the controlled substances and/or illegal drugs.

125.     Detective Arbeeny was subsequently convicted of planting controlled substances and/or illegal drugs on a woman and her boyfriend, and was convicted of the charges against him including official misconduct, offering a false instrument for filing and falsifying business records.

126.     Recently, the New York Supreme Court, County of Kings, Criminal Term, Gustin L. Reichbach, J., determined that the NYPD's drug unit has a system of flawed procedures that caused Detective Arbeeny's unlawful actions. Judge Reichbach further determined that the NYPD's drug unit has a widespread culture of corruption and has adopted a "cowboy culture" and practice which he described as "[a]nything goes in the never-ending war on drugs." That Judge Reichbach expressed shock at what he described as "the seeming pervasive scope of misconduct [and even worse] . . . the seeming casualness by which such conduct is employed."

127.     Further, in or about 2008, the New York Supreme Court, County of Kings, Criminal Term, Albert Tomei, J., determined at a Mapp hearing in *People v. Simms*, Indictment No. 11263/07, which was held on or about September 9, 2008, that the police officers involved in the arrest in that matter are "not credible" and that the police officers' "testimony is so obviously fabricated . . . to avoid any Constitutional objections the defendant may have . . . and that [any] property taken . . . is to be suppressed because it was the product of an unlawful arrest and search and seizure."

128.     In addition to the instances of police misconduct described above, several officers of the NYPD -- including but not limited to Detective Christopher Perino, Police Officer Michael Daragjati, Police Officer Henry Tavarez, Police Officer William Masso, Detective Oscar Sandino, Detective Sean Johnstone, Sergeant Michael Arenella, Sergeant Jerry Bowens, Police Officer Michael Pena, Police Officer Nicholas Mina, Detective Kevin Spellman and Police Officer Admir Kacamakovic -- have recently been convicted of various similar crimes as those described herein including but

15

not limited to falsifying police reports, perjury, corruption, robbery, gun running, drug dealing, prostitution, theft and assault. Former NYPD Commissioner Bernard Kerik was also recently convicted of corruption and similar crimes as those described herein.

129.     In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-73rd Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

130.     Most of the arrests and charges made by officers assigned to NYPD-73rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

131.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-73rd Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Eddie Holley v. City of New York* (15 CV 1204); *Anthony Holley v. City of New York* (14 CV 4403); *Annette Young v. City of New York* (14 CV 55); *Diane Dawson v. City of New York* (13 CV 180); *Ramel King v. City of New York* (12 CV 4322); *Tyquan Myrick v. City of New York* (12 CV 2411); *Robert Stephens v. City of New York* (12 CV 1825); *Ramel King v. City of New York* (12 CV 1824); *Paul Lewis v. City of New York* (12 CV 1323); *Jermaine Tolbert v. City of New York* (12 CV 537); *Anthony Holley v. City of New York* (12 CV 259); *Jermaine Tolbert v. City of New York* (11 CV 4871); *Geneeza Walls v. City of New York* (10 CV 5769).

132.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

133.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities

16

under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

134.    By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

SIXTEENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 9, 11 & 12 - against defendants

135.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 134 of this complaint as though fully set forth herein.

136.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 9 (providing for right to assemble), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

137.    In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 9, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

138.    Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were

17

beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 9, 11 & 12 of the New York Constitution.

139.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

SEVENTEENTH CAUSE OF ACTION: TORTS - against defendants

140.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 139 of this complaint as though fully set forth herein.

141.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, unreasonable search and seizure, unreasonable detention, assault and battery, negligence, breach of special duty or relationship, defamation, tortuous interference, fraud, trespass, malicious prosecution, negligent and intentional infliction of emotional distress and negligent hiring and retention of employment services.

142.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
          July 5, 2016

UGO UZOH, P.C.

/s/

By:    Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiffs
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com